UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TAMMY SNEED, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF ILLINOIS, et al., <br><br> Defendants. | CAUSE NO. 2:20-CV-251-TLS-JEM |

**OPINION AND ORDER**

This matter is before the Court on Pro Se Plaintiff Tammy Sneed's Motion to Reopen Case [ECF No. 9]. This Motion requests "the Presiding Judge to open the case filed even if opened to transfer to [a] different venue," and represents that "[t]here are people whom have been threatened and people whom are at the risk of being hurt or murdered," that "there are police reports and witnesses that have found the allegation to be inappropriate by the defendants and if able to reopen we will gladly appreciate your decision," and finally that "[i]f there is anyone stating this is a movie it is not a movie and we would like to proceed with reopening the case." Mot, ECF No. 9.

In its July 10, 2020 Order [ECF No. 3] the Court determined that "[t]he Plaintiff's Complaint is based entirely on events alleged to have occurred within the geographic boundaries of the United States District Court for the Northern District of Illinois and the United States District Court for the Northern District of Iowa," concluded that "venue is not proper in this district," and observed that "it appears this case could have been filed in either the Northern District of Illinois or the Northern District of Iowa." July 10, 2020 Order 2, ECF No. 3.

The Plaintiff now requests that her case be reopened or transferred. The Court has already held that venue is improper in this district, and nothing contained in the Plaintiff's motion changes that determination. The Court also declines to reopen the case only to transfer it elsewhere. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406; *see also Johnson v. Savard*, No. 2:20-CV-435, 2020 WL 7129014, at *1 (N.D. Ind. Dec. 4, 2020). Neither the Plaintiff's Complaint nor her Motion lead the Court to believe that the interests of justice demand that this matter be transferred to another district instead of being dismissed. Therefore, the Court declines to alter its prior ruling.

Additionally, the Court declines to transfer the case because it is with insufficient facts and details to determine where this matter should proceed. The Court recognizes that although the Plaintiff's Motion requests the case to be transferred, it does not specify where the case should be transferred. Where the Plaintiff wishes to proceed is a decision concerning strategy (i.e., one district may present personal jurisdiction issues that could be avoided in the other district) and practicability (i.e., the courthouse for the Northern District of Iowa is over 200 miles away from Hammond, Indiana). As such, the Plaintiff is in the best position to determine where to file her case and the Court declines to make the decision for her.

For the foregoing reasons, the Court DENIES the Plaintiff's Motion to Reopen Case [ECF No. 9].

SO ORDERED on March 30, 2021.

                                                    s/ Theresa L. Springmann
                                                  JUDGE THERESA L. SPRINGMANN
                                                  UNITED STATES DISTRICT COURT